In re: COLT ENGINEERING,
INC., Debtor,

Monteleone & McCrory, Appellant,

v.

Merrill Lynch Business Financial
Services, Inc., Appellee.

Nos. 04–56041, 04–56042, 04–56049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Filed Aug. 7, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick J. Duffy, III, Esq., Duffy & Baerg, Los Angeles, CA, for Appellant.

Gerald William Mouzis, Esq., Monteleone & McCrory, LLP, Santa Ana, CA, Thomas S. Arthur, Frandzel, Robins, Bloom & Csato, John J. Immordino, Esq., Wilson, Elser, Moskowitz, Edelman & Dicker, Los Angeles, CA, for Appellee.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.[*]

## MEMORANDUM [**]

Chapter 7 Debtor and contractor, Colt Engineering Inc., ("Colt") provided labor and materials on several bonded construction projects. When subcontractors brought mechanic's liens claiming that Colt had failed in payment, Ulico Casualty Company ("Ulico"), Colt's bond surety, made payment to all laborers and materialmen.

The law firm Monteleone & McCrory ("M & M") represented Colt in litigation

---

[*] The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

over the projects, and was appointed special counsel for the Trustee during Colt's bankruptcy proceedings, ultimately helping Colt and the Trustee reach settlement agreements with the project owners. In the underlying Chapter 7 adversary proceedings, the Bankruptcy Court ruled that Ulico was directly entitled to its bond payment amounts from the settlement proceeds under a theory of subrogation, and that the Trustee had no right or claim to the settlement funds.

M & M now appeals the District Court's affirmance of the Bankruptcy Court's Orders: (1) denying M & M's motion for relief from automatic stay; (2) granting Ulico's motion for turnover of funds; and (3) granting Ulico's motion for disbursement of funds held in California Superior Court.

■ As Colt's bond surety, Ulico is subrogated to the rights of the owner, claimants, and the contractor. *See Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 141–42, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). Therefore, any interest in settlement proceeds or retained funds Colt may have had became Ulico's to the extent necessary to reimburse Ulico for its payment to laborers and material suppliers, and never became property of Colt's bankruptcy estate to which Appellant's attorney's lien could attach. *Id.* at 141, 83 S.Ct. 232; *see also In Re Modular Structures, Inc.*, 27 F.3d 72, 78 (3rd Cir.1994).

The Bankruptcy Court's decision that Ulico had an equitable subrogation right to its portion of the settlement proceeds was appropriate and correct. Appellant's contention that the entirety of the project settlement funds should have reverted to the bankruptcy estate is mistaken. A bond surety who has paid a defaulted debtor's obligations to subcontractors, laborers, and materialmen is subrogated to the rights of the owner, and as such is entitled

via equitable subrogation to payment in the amount spent whether through retained funds or settlement proceeds for labor performed. *Pearlman*, 371 U.S. at 139–41, 83 S.Ct. 232.

Here, there is no dispute of priority between M & M and Ulico because the funds to which Ulico was subrogated were never the property of Colt, and never fell to Colt's bankruptcy estate. As such, Appellant's lien does not attach to Ulico's bond/payment funds. *See Pearlman*, 371 U.S. at 136, 83 S.Ct. 232 ("[I]f the surety at the time of adjudication was ... either the outright legal or equitable owner of this fund, or had an equitable lien or prior right to it, this property interest of the surety never became a part of the bankruptcy estate[.]"). Under *Pearlman*, as Colt's bond surety, Ulico was entitled to the benefit of all rights of the contractors, owners, and claimants, and therefore is the equitable owner of settlement funds to the extent necessary to reimburse it.

■ The Bankruptcy Court did not abuse its discretion in denying Appellant's Motion to lift the automatic stay. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir.1996). The application and order approving M & M's employment as special counsel provided that M & M's compensation be governed exclusively by the Bankruptcy Court pursuant to the applicable procedures and law provided in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the applicable local rules. None of the applicable laws, procedures, or rules recognize an attorney's lien against non-estate assets as a mechanism for compensation. Ulico's subrogated rights entitled it to the various project settlement proceeds and thus there were no non-estate funds for Appellant to pursue. Furthermore, M & M was not entitled to the settlement funds because it

admittedly had no lien subject to its employment as special counsel to the trustee.

AFFIRMED.